UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY CARPENTER, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:12-CV-56 RM <br> (Arising out of 3:10-CR-82(01) RM) |

OPINION and ORDER

Indicted on four counts of various firearm-related violations, Jeffrey Carpenter entered into a plea agreement and pleaded guilty to one count of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The court accepted the plea, the government moved to dismiss the other three counts, and Mr. Carpenter was sentenced to 115 months of imprisonment. Mr. Carpenter is now before the court, having filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion to proceed *in forma pauperis*.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Carpenter's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a proceeding under § 2255. Mr. Carpenter's plea agreement, signed by Mr. Carpenter, his attorney Michael J. Tuszynski, and Assistant United States Attorney Donald J. Schmid contains the following language in paragraph 9(d):

> I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was

ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Carpenter does not raise a challenge on any of these limited grounds. Instead Mr. Carpenter wants to challenge his sentence based on claims that his plea agreement was violated when he was denied an acceptance of responsibility base offense level reduction and his base offense level was enhanced by findings of relevant conduct.

A.

Mr. Carpenter points out that his plea agreement provided that "[t]he government agrees that in recognition of the defendant's acceptance of responsibility for his offense conduct, he is entitled to a reduction in the offense level under Guideline § 3E1.1," Plea Agmt., at 4, yet the court found that, in spite of this agreement, Mr. Carpenter did not qualify for the reduction. "In addition to trying to get Ms. Rach to lie for him, Mr. Carpenter's denial of having shot Mr. Calhoun is inconsistent with a finding of acceptance of responsibility. U.S.S.G. § 3E1.1 Application Note 1(A)." Sent. Memo. at 3.

The finding that Mr. Carpenter did not qualify for acceptance of responsibility was within the sentencing court's discretion. As a matter of fact, in his plea agreement, Mr. Carpenter had agreed that "[t]he defendant understands

3

that the government's recommendation [regarding acceptance of responsibility] is a nonbinding recommendation and that the Court makes the final decision whether to reduce the defendant's offense level at all and to what extent for acceptance of responsibility." Plea Agmt., at 4. The court relied on Application Note 1(A) to U.S.S.G. § 3E1.1 and, considering all the circumstances, found that Mr. Carpenter was not eligible for acceptance of responsibility, notwithstanding the government's recommendation that he receive it.

Because the determination of acceptance of responsibility is left solely to the court, and because Mr. Carpenter agreed to that and acknowledged it in the plea agreement, and because the court's decision was supported by findings that Mr. Carpenter acted in a manner inconsistent with accepting responsibility, he cannot now object to this finding. This objection is not one of the few allowable grounds for challenging a properly accepted plea agreement in which the right to appeal has been waived. It must be denied.

B.

Mr. Carpenter next asserts that his base offense level should not have been enhanced for relevant conduct, specifically using the gun at the root of the firearm charge to shoot someone in the arm. According to his theory, when he and the government entered into a plea agreement, they agreed that he would be convicted of and sentenced for only the conduct specified in one charge. He postulates that using relevant conduct — the shooting of Jason Cahoon — to enhance the

sentence for the conviction of the felon in possession of a firearm charge violated this. "It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted." United States v. Valenti, 121 F.3d 327, 334 (7th Cir. 1997). The court found by a preponderance of the evidence that Mr. Carpenter shot Mr. Cahoon on the day in question and enhanced the sentence for that conduct. The plea agreement does not foreclose that enhancement. As a matter of fact, the plea agreement anticipates the possibility of an enhancement when it warns Mr. Carpenter that the government may tell the court good and bad things about him and the details of the offense. The plea agreement also reminds him that his sentence will be determined using, among other things, the statutory maximum (which is ten years) and the Sentencing Commission's Sentencing Guidelines.

Mr. Carpenter can't show that application of the relevant conduct enhancement for the shooting of Mr. Cahoon was improper. Further, his agreement to waive his right to appeal forecloses all but a few grounds to appeal, none of which he raises here. Therefore, this second claim is denied.

C.

Next, Mr. Carpenter posits that his obstruction of justice enhancement was based on a co-defendant's unsupported statements, making them invalid. The obstruction of justice in issue was charged in Count 5, which was dismissed as

part of the plea agreement. As already discussed, this fact does not foreclose its use in a sentencing hearing. United States v. Valenti, 121 F.3d at 334.

Evidence offered for purposes of sentencing need not be corroborated fot the court to accept it. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). The court found, by the required preponderance of the evidence, that, "[w]hile in custody on this charge, Mr. Carpenter tried to get his co-defendant, Heather Rach, to report that the gun involved in this case had been stolen." Sent. Memo., at 3. That conduct finding led to an obstruction of justice enhancement.

The finding of fact that led to the obstruction of justice enhancement and the ultimate enhancement were properly made according to the Sentencing Guidelines. Furthermore, as already discussed, Mr. Carpenter had waived his right to appeal such matters and this claim does not fall within one of the few exceptions to that waiver, so it is denied.

D.

Mr. Carpenter next raises the claim that the court violated his rights by using the 2011 edition of the Sentencing Guidelines. Mr. Carpenter is simply wrong on the facts: the court used the 2010 edition. Mr. Carpenter was sentenced on January 24, 2011, and the 2010 edition was applicable. The 2011 version did

not become effective until November 1, 2011, and wasn't even promulgated to Congress by the Sentencing Commission until months after the court sentenced Mr. Carpenter. The addition of four levels pursuant to U.S.S.G § 2K2.1(b)(6) was based on the court's finding that Mr. Carpenter had possessed a weapon in connection with another felony crime, specifically the shooting of Mr. Cahoon. Because the proper edition (2010) of the guidelines was used, and the enhancement was properly applied, this claim is without merit.

E.

Finally, Mr. Carpenter argues that the court should not have used violations of state law as enhancements to the federal crimes since he never got an opportunity to defend the state law charges. At the root of this concern is that Mr. Carpenter was initially charged in state court. Those charges were dismissed in lieu of the federal prosecution, yet the conduct that led to those state court charges was used as relevant conduct to enhance the federal sentence. Mr. Carpenter contends that this violates his Sixth Amendment rights since he was punished (via the enhancement) on crimes for which he never had a jury trial.

The court of appeals made clear that crimes can be used to enhance a sentence, even if they were never charged, they were dismissed, or the defendant was acquitted of those same crimes. <u>United States v. Valenti</u>, 121 F.3d 327, 334 (7th Cir. 1997). Whether Mr. Carpenter had a state court trial on the shooting of Mr. Cahoon and the attempt to get Ms. Rach to say the gun was stolen is

7

immaterial. Even if he had been tried and acquitted, there would not be a ban on using the crime as relevant conduct in enhancing the sentence on the felon in possession charge.

Mr. Carpenter misapplies Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). These cases stand for the concept that factors that would enhance a sentence beyond a statutory maximum must be presented to a jury and proved beyond a reasonable doubt. However, neither case stands for the premise that Sentencing Guidelines enhancements that may increase a sentence but not exceed the statutory maximum must be found by a jury. According to United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, and the court takes them into account along with other sentencing considerations. In Mr. Carpenter's case, the statutory maximum for the crime to which he pleaded guilty, 18 U.S.C. § 922(g)(1), is ten years. 18 U.S.C. 18 U.S.C. § 924(a)(2). Mr. Carpenter's 115-month sentence is within that maximum, so Apprendi and Blakely do not apply. United States v. Hernanadez, 330 F.3d 964, 980 (7th Cir. 2003) ("[T]he rule of Apprendi is not implicated when the actual sentence imposed is less severe than the statutory maximum." *quoting* United States v. Williams, 288 F.3d 871, 877 (7th Cir. 2001) ("[W]hen a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he was convicted, Apprendi is beside the point.")).

F.

Mr. Carpenter has also filed a motion to proceed *in forma pauperis*. Because there is no filing fee for a petition filed under 28 U.S.C. § 2255, there is no need for pauper status. The motion is denied as moot.

In conclusion, Mr. Carpenter raises a number of issues about sentencing enhancements and the court's determination not to apply an acceptance of responsibility adjustment that are without merit. None stands on its own and all are precluded by Mr. Carpenter's waiver of his right to appeal. Therefore, Mr. Carpenter's petition under 28 U.S.C. § 2255 (Doc No. 65) is DENIED for the reasons stated herein. Mr. Carpenter's motion to proceed *in forma pauperis* (Doc. No. 66) is denied as moot.

SO ORDERED.

ENTERED:  February 9, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: J. Carpenter
 D. Schmid-AUSA